**Tutrone v. Penn Warranty Corporation**

*Steven F. Potsik,* for plaintiff.
*Jeffrey C. Nallin,* for defendant.

O'BRIEN, *J.,* July 28, 1993—On February 6, 1992, plaintiff, Robert Tutrone, purchased a remanufactured engine for his Dodge truck from Colonial Auto Sales located in Bartonsville, Monroe County, Pennsylvania. The engine was covered by a limited warranty issued by defendant, The Penn Warranty Corporation. In December of 1992, defective component parts of the engine were repaired or replaced by Engines America, Inc. at a cost of $942.90. When the defendant failed to reimburse plaintiff for the cost of these repairs, plaintiff filed a complaint seeking the actual costs of repairs as well as consequential damages. Defendant filed preliminary objections in the nature of a motion to strike challenging the plaintiff's claims to consequential damages which, following the submission of briefs and oral argument on July 6, 1993, are now before the court for disposition.

The limited warranty at issue is attached as an exhibit to plaintiff's complaint and provides in pertinent part as follows:

"This warranty begins on the day when the installation tag (attached to the engine) is received from the engine owner. The engine owner must complete this tag and submit it to the address on the tag to initiate this warranty. Should a failure occur, due to faulty materials or work-

manship, The Penn Warranty Corporation will reimburse you for the labor involved in correcting the failure. In addition to the coverage provided for labor, The Penn Warranty Corporation will reimburse you the towing charges of the vehicle, if required, up to a maximum of $50. The Penn Warranty Corporation will also reimburse the amounts charged for fluids (oils, antifreeze, etc.) needed to complete a covered repair up to a maximum of $50. In the event that a covered repair takes more than 48 hours, The Penn Warranty Corporation will provide rental car assistance. The Penn Warranty Corporation will reimburse you a base rental charge of up to $25 per day, $75 maximum. The Penn Warranty Corporation will not reimburse mileage charges for the rental car. The decision to repair or replace any failed component covered by this warranty will be made by Engines America, Inc. All parts required to perform a specific covered repair will be supplied by Engines America, Inc....

"The Penn Warranty Corp. or Engines America, Inc. will not be responsible for any time that you lose, for any inconvenience you may be caused for the loss of your transportation, the quality of a repair by the repair location, or for any other incidental or consequential damages you may have. Prior authorization is needed before beginning any repair to any component covered by this warranty. No unauthorized repair bills will be paid. The Penn Warranty Corp. reserves the right to select the location of a repair and to authorize all repair estimates. Should you have a problem call 1-(800)-356-9441."

Counsel for defendant asserts that the above language precludes plaintiff's claims for incidental and/or consequential damages. The specific damages sought by plaintiff are found in paragraph 13(b)-(d) of his complaint, which states as follows:

"13. As a consequence of defendant's breach of said written warranty, the plaintiff has incurred the following losses and expenses:...

"b. Loss of income from his carpentry contracting business, $4,000;

"c. Loss of income from his snow plowing business, $1,500;

"d. Loss of income on his wood cutting and wood delivery business, $2,000."

A remanufactured engine is a "good" as defined by 13 Pa.C.S. §2105(a) and thus the provisions of the Uniform Commercial Code apply to the case at bar. Under the Code, consequential damages may be recovered in an action for breach of warranty. 13 Pa.C.S. §2714(c). However, such damages may be limited or excluded from recovery as long as the terms of the limitation or exclusion are not unconscionable. 13 Pa. C.S. §2719(c); *Moscatiello v. Pittsburgh Contractors Equipment Company,* 407 Pa. Super. 363, 595 A.2d 1190 (1991), *allocatur denied,* 529 Pa. 650, 602 A.2d 860 (1992); *New York State Electric & Gas Corp. v. Westinghouse,* 387 Pa. Super. 537, 564 A.2d 919 (1989). In *Moscatiello v. Pittsburgh Contractors Equipment Company, supra,* the court found that a disclaimer of warranties was not sufficiently conspicuous in the parties' contract to be effective. In that case, the disclaimer was located on the reverse side of the contract in fine print. Such is not the case in the case at bar. The limited warranty in the case at bar is one page and the relevant provisions limiting the plaintiff's recovery constitute the major portion of the contract. Therefore, we conclude the plaintiff's consequential damage claims are validly excluded from recovery under the terms of the limited warranty.

Although plaintiff's complaint does not specifically allege how plaintiff's loss of income is related to the breach of the limited warranty agreement, counsel at argument asserted the failure of defendant to make payment for the repairs delayed plaintiff's return of his truck. However, such a claim would not meet the test of proximate cause delineated in *National Controls Corporation v. National Semiconductor Corporation,* 833 F.2d 491 (3d Cir. 1987). Further the warranty agreement specifically provides for a limited amount of reimbursement for a rental vehicle. Therefore, the very terms of the parties' contract would preclude such a recovery.

## ORDER

And now, July 28, 1993, it is ordered as follows:

(1) Defendant's preliminary objections to subparagraphs 13(b), 13(c) and 13(d) of plaintiff's complaint are sustained and these subparagraphs are stricken.

(2) Defendant is granted 20 days from the date hereof within which to file an answer to plaintiff's complaint.